COMMONWEALTH QUARRY COMPANY, RESPONDENT. v. METROPOLITAN CASUALTY INSURANCE COMPANY OF NEW YORK, APPELLANT.

Submitted October 20, 1931—Decided February 1, 1932.

For the appellant, *Hobart & Minard* and *Ralph E. Cooper.*

For the respondent, *Harrison & Roche.*

The opinion of the court was delivered by

DONGES, J. The present action was instituted by the plaintiff against the defendant upon a bond given by one David Petruzziello, as principal, and the defendant, as surety, to the township of Millburn. The case was tried before Circuit Judge Porter without a jury, and resulted in a judgment in favor of plaintiff, from which judgment the defendant appeals.

Petruzziello, on September 29th, 1926, contracted with the township of Millburn to improve a public road. On the same day, the appellant entered into a bond, as surety for the contractor, the bond running to the township of Millburn, and being for the benefit of all persons furnishing material or performing labor and to secure payment of the claims of such materialmen and laborers. It is admitted that the plaintiff-respondent furnished materials to Petruzziello for the work for which it was not paid.

The statute under which the bond was given and upon which plaintiff relied for a recovery is chapter 75 of the laws of 1918 (*Pamph. L., p.* 204), the third paragraph of which provides:

"3. Any person, firm or corporation to whom any money shall be due on account of having performed any labor, or furnished any material in the construction, erection, alteration or repair of any such building, work or improvement, within eighty (80) days after the acceptance thereof by the duly authorized board or officer, shall furnish the sureties on said bond a statement of the amount due to any such person, firm or corporation. No suit shall be brought against said sureties on said bond until the expiration of sixty (60) days after the furnishing of said statements. If said indebtedness shall not be paid in full at the expiration of said sixty days, said person, firm or corporation, may bring an action in his own name upon such bond, said action to be commenced within one year from the date of the acceptance of said building, work or improvement."

The trial judge found that on December 24th, 1928, the plaintiff furnished to defendant a statement of the amount

due to plaintiff for materials furnished to Petruzziello and used in said work and that the work was accepted by the township on December 17th, 1928. The present suit was instituted on March 7th, 1929, more than sixty days after the furnishing of said statement to the defendant.

From time to time, as the work progressed, the contractor received certificates from the township engineer and received eighty per cent. of the amounts of such estimates of completed work: A final certificate was furnished by the township engineer under date of May 11th, 1928, and on May 15th, 1928, the township of Millburn by its warrant paid to the contractor the amount of the estimate, less five per cent. to be retained to cover necessary maintenance for one year, in accordance with the terms of the contract. On the draft of the township committee covering this payment appeared the following: "In accordance with the engineer's certificate dated May 11th, 1928, is not a final acceptance in this case."

On December 17th, 1928, the township committee passed a resolution formally accepting the road.

The right of the plaintiff to recover in this suit depends upon the date of acceptance of the work. Plaintiff contends that acceptance took place on December 17th, 1928, when the township committee formally adopted a resolution accepting the work, and defendant contends that acceptance took place when the township engineer measured up the work and gave his certificate on May 11th, 1928. If the latter date be held to be the date of acceptance, then plaintiff was out of time in furnishing its statement to defendant and cannot recover.

In the contract it was provided that "the contractor shall be held responsible for the repair and maintenance of all work executed by him for a period of one year after the said work is finally completed and accepted by the township committee or its engineer," and it was therein further provided that "payment shall be made monthly upon certificate of the engineer, first deducting from any amount so due the contractor, twenty per cent. of such monthly estimate until the improvement of Sagamore Road has been fully completed and accepted by the party of the first part. The final estimate shall include the entire amount due the contractor

under the terms of this contract excepting five per cent. of the said entire amount of the contract price, which shall be retained for a period of one year for the purpose of making any repairs in the work of the contractor."

The statute provides for furnishing the statement within eighty days after the acceptance of the work "by the duly authorized board or officer." Defendant insists that both the statute and the contract provide for acceptance by the engineer and that such acceptance by him actually took place when he issued his final estimate. We think this is not so. There is nothing in the record to show that the engineer did anything more than furnish the "final estimate" required by the contract and that in such "final estimate" the deduction required by the contract was made. There is nothing to suggest that the township committee clothed the engineer with authority to accept, or that he did, in fact, do anything that might be construed as an acceptance of the work. He measured up the work, as was his duty, and made a certificate, strictly in accordance with the terms of the contract. Thereafter, the township authorities paid the amount of such estimate, as they were obliged to do, expressly stating, however, that such payment was not to be taken as an acceptance.

In *Franklin Lumber Co.* v. *Globe Indemnity Co.*, 102 *N. J. L.* 9, affirmed by this court in *Ibid.* 715, the Chief Justice said, in speaking of the section under consideration:

"It does not disclose a purpose upon the part of the legislature to give preference to the claims of materialmen or laborers over the claims of the public agency, by compelling the surety to pay the claims of the former without regard to the rights of the latter, but, on the contrary, protects these rights by requiring that no step shall be taken by materialmen or laborers looking to the enforcement against the surety of their claims against the contractor, until after the building or improvement has been accepted by such public agency."

We conclude that the trial judge properly found that acceptance of the work took place upon the adoption of a resolution on December 17th, 1928, by the township committee, and that the plaintiff's action was begun within time.

The judgment will be affirmed.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PAR-
KER, CAMPBELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN
BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, KERNEY, JJ.   15.

*For reversal*—None.